UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY ANN HOPKINS

    Plaintiff,

v.

CASE NO.:

6:15-cv-2077-Orl-40-GJK

GANNETT FLEMING, INC., a
Foreign for Profit Corporation, and
BRIAN FLYNN, an individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL[1]

COMES NOW, Plaintiff, MARY ANN HOPKINS ("Plaintiff"), by and through the undersigned counsel and hereby sues Defendant, GANNETT FLEMING, INC. ("Defendant Gannett"), a Foreign For-Profit Corporation, and BRIAN FLYNN ("Defendant Flynn"), an individual (collectively hereinafter "Defendants"), and states as follows:

### Jurisdiction and Venue

1. This is an action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, for unpaid wages and retaliation.

2. Jurisdiction and venue are proper in this Court because the parties reside and/or maintain significant business relationships to Orange County, Florida and the cause of action accrued in Orange County, Florida. This action alleges damages in excess of $15,000.00, exclusive of interest, costs and fees.

---

[1] Plaintiff has dually filed a Charge of Discrimination with the EEOC and FCHR with allegations of gender discrimination and retaliation in violation of the Federal Civil Rights Act "Title VII", and the Florida Civil Rights Act of 1992 (FCRA) F.S. § 760.01 *et seq.* These allegations are not currently ripe for judicial review; however Plaintiff expressly preserves her right to amend her Complaint to include such claims after exhaustion of all administrative remedies.

## Parties and Factual Allegations

3. Plaintiff is an individual *sui juris*, residing in Orange County, Florida.

4. Defendant Gannett is a Foreign for Profit Corporation doing business in Orange County, Florida.

5. Defendant Flynn is an individual person acting directly or indirectly in the interest of Defendant Gannett in relation to Plaintiff's employment status, payment of overtime, and subsequent termination of Plaintiff's employment.

6. At all times relevant to this action, Plaintiff worked for Defendants as an Engineer and was hired as an hourly, non-exempt employee.

7. Plaintiff was employed by Defendants from July 15, 2013 to January 13, 2014.

8. Defendants are employers as defined by 29 U.S.C. § 203(d) and are subject to the provisions of 29 U.S.C. § 201 et seq., in the facility in which Plaintiff was employed.

9. Plaintiff's primary job duties consisted of serving as an Engineer on Defendant Gannett's projects.

10. Plaintiff worked numerous weeks in excess of forty (40) hours throughout her employment with Defendants. Plaintiff was not compensated for all hours worked over forty (40) hours at the rate of one and one-half times her hourly rate of pay.

11. Specifically, on Friday, January 10, 2014, Plaintiff's supervisor, Defendant Flynn, rejected Plaintiff's time record and ordered Plaintiff via email to "revise your timesheet to a more reasonable number…this is not open for debate."

12. Plaintiff had explicitly informed Defendant Flynn of Defendants' obligation to accurately pay her overtime wages.

13. Plaintiff contacted an equal counterpart on a specific project to determine if he had also been told by Defendants to reduce his work hours. The co-worker had not been directed by Defendants to reduce his work hours.

14. Plaintiff refused to reduce the number of overtime hours worked and reported. Defendant Flynn retaliated by stating via email, "I am not going to argue the point with you. Reduce the hours to something more reasonable or I will."

15. Plaintiff still refused to reduce hours worked and reported on her time sheet. Defendant Flynn responded by stating he would split the difference by reducing her hours worked by half. Plaintiff refused to agree to this reduction in overtime pay owed to her, however, she agreed to receive half of her owed overtime pay in the current pay period and receive the other half in the following pay period. Defendant Flynn responded by saying, "we need to talk Monday morning."

16. On Monday, January 13, 2014, Defendant Flynn asked Plaintiff if she changed her timesheet by reducing the number of her overtime hours worked and reported. Plaintiff responded that she did not change her timesheet. Defendant Flynn's immediate response was to terminate Plaintiff's employment effective immediately.

17. Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate of pay.

18. Defendants' actions caused Plaintiff to suffer damages in the form of unpaid wages, unpaid overtime wages, emotional distress, and mental anguish, and Plaintiff will continue to suffer said damages in the future.

19. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

20. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21. Throughout Plaintiff's employment, Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to pay Plaintiff overtime at a rate of not less than one and one-half times her regular hourly rate for work weeks longer than forty (40) hours.

22. During Plaintiff's employment, Defendants required, suffered or permitted Plaintiff to work in excess of forty (40) hours in one or more work weeks.

23. Plaintiff worked numerous weeks in excess of forty (40) hours but was not compensated for all hours worked over forty (40) hours at the rate of one and one-half times her hourly rate of pay.

24. Defendants were aware the FLSA required it to pay Plaintiff for all hours worked over forty (40) hours at a rate not less than one and one-half times the rate at which she was regularly employed.

25. Nevertheless, Defendants failed and refused to pay Plaintiff overtime pay for overtime hours worked while she was employed with Defendants.

26. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover damages in the amount of the overtime pay due and owing, an equal amount as liquidated damages for Defendants' willful violation of the FLSA and attorney's fees and costs.

27. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

28. The actions of Defendants were willful and clearly in violation of Plaintiff's rights under the FLSA, thereby entitling Plaintiff to a three (3) year window of recovery for damages.

29. Plaintiff has retained LYTLE & BARSZCZ to represent her in this action and has agreed to pay said firm a reasonable attorney's fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Unpaid overtime found to be due and owing;

B. An additional amount equal to unpaid overtime found to be due and owing in liquidated damages;

C. Prejudgment and postjudgement interest in the event liquidated damages are not awarded;

D. Reasonable attorney's fee and costs; and,

E. Such other relief as the Court finds just and equitable.

### COUNT II
### VIOLATION OF THE FLSA
### (Retaliation)

30. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-29 as set forth herein.

31. Defendants intentionally retaliated against Plaintiff because of her opposition to Defendants' unlawful employment practices, as set forth in the preceding paragraphs, in violation of the FLSA.

32. Defendants retaliated against Plaintiff for engaging in activity protected by the FLSA by taking unwarranted actions against her and terminating her employment.

33. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

34. The actions of Defendants were willful and in violation of Plaintiff's protected rights under the FLSA.

35. Plaintiff has retained LYTLE & BARSZCZ to represent her in this action and has agreed to pay said firm a reasonable attorney's fees and costs for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

A. Back pay, front pay, general and compensatory damages, including emotional distress damages and interest;

B. Liquidated damages;

C. Prejudgment and postjudgment interest;

D. Reasonable attorneys' fees and costs of this action; and,

E. Such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 10th day of December, 2015.

Mary E. Lytle, Esquire
Florida Bar No. 0007950
**David V. Barszcz, Esquire**

6

                                              Florida Bar No. 0750581
                                              **LYTLE & BARSZCZ, P.A.**
                                              543 North Wymore Road
                                              Suite 103
                                              Maitland, FL 32751
                                              Telephone: (407) 622-6544
                                              Facsimile: (407) 622-6545
                                              mlytle@lblaw.attorney
                                              dbarszcz@lblaw.attorney
                                              **Counsel for Plaintiff**