UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY ANN HOPKINS,

    Plaintiff,

v.                                        Case No.: 6:15-CV-2077-Orl-40-GJK

GANNETT FLEMING, INC. and
BRIAN FLYNN,

    Defendants.

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE OF COUNT I OF PLAINTIFF'S COMPLAINT

Plaintiff Mary Ann Hopkins and Defendants Gannett Fleming, Inc. and Brian Flynn, by and through their respective undersigned counsel, respectfully file this Renewed Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice of Count I of Plaintiff's Complaint, and state as follows:

    1.    On December 10, 2015, Plaintiff filed this action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid wages and retaliation. Count I of the Complaint is for "Violation of the Overtime Provisions of the FLSA." Count II, which is not the subject of this Joint Motion and Stipulation, is for alleged retaliation under the FLSA.

    2.    The parties have reached a resolution of the issues contained in Count I of the Complaint, specifically those relating to the alleged failure to pay overtime wages.

    3.    The parties have been represented by competent counsel throughout the discussions to resolve Count I, and continue to be represented by counsel in connection with the retaliation claim contained in Count II, which is not being dismissed.

4. A fully executed copy of the Settlement Agreement is attached hereto as Exhibit 1, and does not contain a general release or a confidentiality/non-disparagement provision.

5. The Settlement Agreement provides that Defendant shall pay Plaintiff $1,029.95 which is not a compromise of Plaintiff's recovery on her overtime claim. (See Doc 20, p. 3)  The Settlement Agreement also provides that Defendant shall pay Plaintiff's counsel $2,350.00 for attorney's fees incurred in connection with Count I.  As is evident from the Settlement Agreement, all parties have signed the agreement; however, their signatures are on separate pages.

6. Accordingly, pursuant to this Court's March 31, 2016, Order, and as set forth more fully below, the parties jointly renew their request that this Court enter an Order approving this settlement and dismissing Count I of the Complaint with prejudice.

## **MEMORANDUM OF LAW**

In the event there is a compromise by the plaintiff with respect to the payment under the FLSA, the court must scrutinize the settlement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, 679 F.2d 1352, 1354-55 (11th Cir. 1982).  The parties would respectfully submit to this Court that the Court does not have to scrutinize the settlement between the parties since there has been no compromise of Plaintiff's claims (Doc. 20, p. 3). However, given this Court's March 31, 2016, Order, the factors to be considered in determining whether the settlement is fair and reasonable are: (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits: (5) the range of possible recovery; and (6) the opinions of the counsel.  *Leverso v. South Trust Bank of Ala., Nat. Assoc.*,

18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287,*4 (M.D. Fla. Jan. 8, 2007); *citing, Cotton v. Hinton*. 559 F.2d 1326, 1331 (5th Cir. 1977).

There was no fraud or collusion behind the settlement; continued litigation with respect to Count I will only increase attorney's fees and costs, but will not result in additional recovery for the Plaintiff since Plaintiff is receiving her full recovery on her unpaid overtime claim (Count I); and, the parties exchanged and reviewed the Plaintiff's wage and hour information, met in person and had numerous discussions regarding Plaintiff's unpaid overtime claims, to determine what Plaintiff was owed.  Plaintiff attested in her Responses to this Court's Interrogatories, that she is owed $1,029.95, with respect to Count I of Plaintiff's Complaint (Doc 20, p. 3), which is exactly what she is receiving.

With respect to the attorney's fees in this matter, the Middle District of Florida has determined that unless the court has reason to believe that a plaintiff's recovery was adversely affected by the amount of the fees paid to her attorney, the court should approve the settlement without separately considering the reasonableness of the fee to be paid to a plaintiff's counsel. *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Plaintiff's recovery was not adversely affected by the amount of attorney's fees paid to her attorneys. However, pursuant to this Court's March 31, 2016 Order, the parties would state that the attorney's fees paid pursuant to Count I are reasonable (Plaintiff's counsel actually reduced their fees with respect to Count I to obtain the full amount for the Plaintiff); the fees were negotiated separately; and, the fees in no way adversely affected Plaintiff's full recovery under Count I.

**WHEREFORE**, For the reasons set forth above, the parties respectfully request that this Court approve the parties' Settlement Agreement with respect to COUNT I of Plaintiff's Complaint, and dismiss COUNT I with prejudice.

Respectfully submitted this 31st day of March 2016.

| | |
|---|---|
| **LYTLE & BARSZCZ** | **FISHER & PHILLIPS, LLP** |
| By: **/s/Mary E. Lytle** | By: **/s/Theresa M. Gallion** |
| Mary E. Lytle | Theresa M. Gallion |
| Florida Bar No. 0007950 | Florida Bar No. 0726801 |
| mlytle@lblaw.attorney | tgallion@laborlawyers.com |
| David V. Barszcz | Marci E. Britt, Esq. |
| Florida Bar No. 0750581 | mbritt@laborlawyers.com |
| dbarszcz@lblaw.attorney | Florida Bar No.: 0071561 |
| 543 North Wymore Road | 101 East Kennedy Blvd., Ste. 2350 |
| Suite 103 | Tampa, FL 33602 |
| Maitland, Florida 32751 | Telephone: (813) 769-7500 |
| Telephone: (407) 622-6544 | Facsimile: (813) 769-7501 |
| Facsimile: (407) 622-6545 | |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |