## SETTLEMENT AGREEMENT AND FLSA RELEASE

This SETTLEMENT AGREEMENT AND FLSA RELEASE ("Agreement") is made by and between MARY ANN HOPKINS ("HOPKINS") and GANNETT FLEMING, INC. and BRIAN FLYNN (collectively referred to as "GF DEFENDANTS").

**1.   HOPKINS Releases the GF DEFENDANTS from All Wage and Hour Liability as Defined Herein**

a.   HOPKINS knowingly and voluntarily releases and forever discharges the GF DEFENDANTS from the Claims contained in Count I of the Complaint and Demand for Jury Trial (the "Complaint") filed on December 10, 2015 in the U.S. District Court, Middle District of Florida; Case No. 6:15-CV-2077. Nothing in this Agreement affects HOPKINS' rights with respect to the claims asserted in Count II of the Complaint.

b.   HOPKINS agrees to dismiss with prejudice her claims contained in Count I of the Complaint and will authorize her counsel to execute a joint motion for approval of partial settlement and stipulation of dismissal with prejudice. HOPKINS further asserts by her signature below that she has no further unpaid wage claims of any kind under the FLSA, and specifically has no claims which she may now assert for unpaid straight time or overtime claims of any kind under the FLSA, or under any other state or federal wage and hour-related law. She has been paid all unpaid wages, including overtime and liquidated damages and interest to which she is entitled, and further agrees that the fees being paid to her counsel are reasonable and appropriate. HOPKINS hereby agrees not to initiate or continue any action or proceeding or to sue the GF DEFENDANTS, or to participate in the same, individually or as a member of a class or collective action, under any theory of recovery, whether under federal, state, or local law, pertaining in any manner whatsoever to an alleged entitlement to unpaid wages. Nothing in this Agreement, however, affects HOPKINS' claims contained in Count II of the Complaint.

**2.   FLSA Payments**

*Settlement Agreement and FLSA Release*
*MARY ANN HOPKINS V. GANNETT FLEMING INC. AND BRIAN FLYNN*

a. In return for her promise to dismiss with prejudice Count I of the Complaint as referenced above, the GF DEFENDANTS will pay HOPKINS the sum of One Thousand Twenty-Nine Dollars and Ninety-Five Cents ($1,029.95), for which HOPKINS will receive an IRS Form 1099 as this sum is attributable to interest and liquidated damages; and will pay to her attorneys, Lytle & Barszcz (Tax ID No. 27-2335515), the sum of Two Thousand Three Hundred and Fifty Dollars ($2,350.00), also to be accompanied by an IRS Form 1099. Said settlement funds shall be in the law office of Lytle & Barszcz no later than seven (7) days from the day HOPKINS signs this Agreement and provides notice to counsel for the GF DEFENDANTS of her execution. HOPKINS understands and agrees that the GF DEFENDANTS would not make these payments but for her entering into this Agreement to dismiss with prejudice the provisions of Count I of the Complaint, and further in return for HOPKINS' promise contained in paragraph 1 above, that she is not entitled to any further sums for any unpaid wages of any kind, whether under the federal FLSA or any other law.

3. **The GF DEFENDANTS Deny any Liability or Wrongdoing**

The GF DEFENDANTS deny any liability for HOPKINS' claims in Count I of the Complaint. By entering into this Agreement, the GF DEFENDANTS are not admitting any liability or wrongful conduct. They have entered into this Agreement to avoid the continued cost and uncertainty of litigating the claims in Count I of the Complaint. In addition, the parties agree and stipulate neither HOPKINS nor the GF DEFENDANTS will refer in subsequent stages of this case, whether in dispositive motions, at trial, or otherwise, to the fact HOPKINS was not paid at the rate agreed to or that subsequent payments were made to her to insure she was paid as agreed or as required by the FLSA, except that HOPKINS may present her pay rate and overtime rate for the issues of liability and damages on her claims of FLSA retaliation, and anticipated discrimination and retaliation claims under Title VII.

*Settlement Agreement and FLSA Release*
*MARY ANN HOPKINS V. GANNETT FLEMING INC. AND BRIAN FLYNN*

### 4. Governing Law and Interpretation

This Agreement and General Release shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provision. This Agreement is subject to approval by the United States District Court for the Middle District of Florida, and is null and void if not so approved.

### 5. Amendment

This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement. This Agreement sets forth the entire agreement between the parties hereto with respect to HOPKINS' wage and hour claims contained in Count I of the Complaint.

### 6. Full Reading and Understanding; Opportunity to Consult Counsel

HOPKINS HAS READ THIS ENTIRE AGREEMENT CAREFULLY AND REPRESENTS THAT SHE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. HOPKINS AGREES THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY HER AND THAT IF SHE DOES NOT UNDERSTAND ANY PART OF THIS AGREEMENT, SHE HAS HAD A FULL OPPORTUNITY TO HAVE IT EXPLAINED TO HER BY HER ATTORNEYS. THE ONLY PROMISES OR REPRESENTATIONS MADE TO HOPKINS ABOUT THIS AGREEMENT, OR TO INDUCE HOPKINS TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. HOPKINS AGREES THAT SHE WAS NOT PRESSURED OR COERCED IN ANY WAY TO SIGN THIS AGREEMENT. HOPKINS IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS

*Settlement Agreement and FLSA Release*
*MARY ANN HOPKINS V. GANNETT FLEMING INC. AND BRIAN FLYNN*

CONTAINED IN COUNT I OF THE COMPLAINT THAT SHE HAS OR MAY HAVE AGAINST GF DEFENDANTS REGARDLESS OF THE DISCOVERY OF NEW FACTS.

SPECIFICALLY, HOPKINS AGREES AND UNDERSTANDS THAT SHE HAS BEEN PAID ALL MINIMUM WAGE AND OVERTIME WAGES TO WHICH SHE WAS ENTITLED DURING THE ENTIRE PERIOD OF HER EMPLOYMENT WITH GANNETT FLEMING, INC., AND THAT SHE IS NOT ENTITLED TO ANY FURTHER SUMS FOR UNPAID WAGES UNDER ANY LAW OR ANY THEORY OF LAW.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

_____     3/24/2016
MARY ANN HOPKINS                  Date

GANNETT FLEMING, INC.

By: _____     Date _____

Its: _____

_____     Date _____
BRIAN FLYNN

*Settlement Agreement and FLSA Release*
*MARY ANN HOPKINS V. GANNETT FLEMING INC. AND BRIAN FLYNN*

CONTAINED IN COUNT I OF THE COMPLAINT THAT SHE HAS OR MAY HAVE AGAINST GF DEFENDANTS REGARDLESS OF THE DISCOVERY OF NEW FACTS.

SPECIFICALLY, HOPKINS AGREES AND UNDERSTANDS THAT SHE HAS BEEN PAID ALL MINIMUM WAGE AND OVERTIME WAGES TO WHICH SHE WAS ENTITLED DURING THE ENTIRE PERIOD OF HER EMPLOYMENT WITH GANNETT FLEMING, INC., AND THAT SHE IS NOT ENTITLED TO ANY FURTHER SUMS FOR UNPAID WAGES UNDER ANY LAW OR ANY THEORY OF LAW.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

_____        _____
MARY ANN HOPKINS                                                   Date


GANNETT FLEMING, INC.

By: _____        March 29, 2016
    PAUL D. NOWICK,                                              Date
    EXECUTIVE VICE PRESIDENT
Its: _____


_____        March 30, 2016
BRIAN FLYNN                                                         Date